cording to which the libellant's right to proceed against this yacht for his wages as the sailing master thereof must be determined. The contract of the shipping articles, if subsisting, would not avail him, as at the rate of wages stated in the shipping articles he has been overpaid. The subsequent agreement was entered into by the libellant as a part-owner in the vessel for the purpose of enabling the vessel to be finished and to run races at New York and Philadelphia, in which races she was to be sailed by the libellant. By the agreement it was stipulated that the libellant should be sailing master at $60 per month. No limit whatever is assigned to the length of the employment, either by reference to any voyage or voyages, or to any period of time. According to the agreement, the libellant was at liberty to leave the vessel certainly at the end of the first month. The agreement creates a trust for the benefit of the libellant and others, and it cannot be supposed that any of the parties contemplated that the libellant, in case he should leave the vessel at the termination of the month or at any other time, should have the right to proceed against the vessel to enforce a lien for his wages, and so put an end to the adventure. The nature and object of the agreement are inconsistent with the right of lien claimed by the libellant, and that right must be deemed to have been waived by the execution of the new agreement made subsequent to the shipping articles upon which alone his right of action rests. Section 4535 of the Revised Statutes can have no operation here, as this was a foreign vessel and the contract made in a foreign port.

The court can not presume that the statutory law of the dominion of Canada is the same as the United States statutory law declared in section 4535. 1 Greenl. Ev. § 488; Cutler v. Wright, 22 N. Y. 481.

In the absence of any evidence as to the law of the place where the contract was made and to be in a substantial part performed, the law maritime will be presumed to be the law controlling the mariner's contract. By that law it is competent for a mariner by his agreement understandingly made in a proper case to waive his right to proceed against the vessel for his wages.

The libel must be dismissed, and with costs.

COUNTY AUDITOR (LANCASTER v.). See Case No. 8,038.
COUNTY COMMISSIONERS (ASPINWALL v.). See Case No. 593.

COUNTY COMMISSIONERS OF.
[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the counties.]

COUNTY     COURT     OF     HUMPHRIES (SPRAGGINS v.). See Case No. 13,246.

COUNTY COURT OF LINCOLN COUNTY (UNITED STATES v.). See Case No. 15,-503.
COUNTY COURT OF OUACHITA COUNTY. (UNITED STATES v.). See Case No. 14,-876.
COUNTY COURT OF VERNON COUNTY. (UNITED STATES v.). See Case No. 14,-877.

## Case No. 3,281.
COUNTY JUDGES OF VIRGINIA.
[3 Hughes, 576.]
[See Append. Fed. Cas.]

## COUNTY OF.
[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the counties; e. g. "County of Muscatine v. Mississippi & M. R. Co. See Muscatine v. Mississippi & M. R. Co."]

## Case No. 3,282.
COURCIER v. RITTER.
[4 Wash. C. C. 549;[1] 1 Am. Lead. Cas. 687.]
Circuit Court, E. D. Pennsylvania. Oct. Term, 1825.

PRINCIPAL AND AGENT—RATIFICATION.

1. General rule as to the duty of an agent in obeying the orders of his principal.

2. A merchant of Philadelphia sends a cargo of coffee to his correspondent at Bourdeaux, and writes as follows: "Make sale of the coffee immediately on arrival, and forward the returns in the articles mentioned below, by the same vessel." It was the duty of the agent to sell immediately on arrival, no matter at what loss, if he could; or as soon as he could. He had no right to exercise any discretion.
[Followed in Washington Fire & Marine Ins. Co. v. Chesebro, 35 Fed. 478.]

3. If the agent disobeys his orders, and makes a full and candid statement of all the facts on which his judgment was exercised to his principal, and the latter makes no objection to his conduct, or is silent respecting it, this amounts to a recognition of it, and will excuse the agent.
[Cited in Le Roy v. Beard, 8 How. (49 U. S.) 468; Norris v. Cook, Case No. 10,305.]

4. In the same case, the other part of the order was complied with; the agent sending the return cargo ordered, by the same vessel. The acceptance of that cargo by the principal, is no ratification of the agent's conduct, in not selling as soon as he could.

In October, 1812, the defendant, a merchant of Philadelphia, consigned to the plaintiff, a merchant of Bourdeaux, forty bags of coffee, weighing betwen five and six thousand pounds, which were accompanied by a letter of advice, apprizing him of the consignment, and containing the following order, viz. "You will please to make sale of the coffee immediately on arrival, and forward the returns in the articles undermen-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]